**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4233
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
*Attorney for Defendants Pinal County, Pinal County Sheriff Ross Teeple and Deputy Sanders ("Defendants")*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bradley Lynn and Dooreen Page, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, a political entity, Arizona Department of Public Safety, a political subdivision of the State of Arizona; Pinal County, a political entity; Pinal County Sheriff Ross Teeple and Corinne Teeple; Deputy Sanders and Jane Doe Sanders; Sergeant S. Burgess and Jane Doe Burgess; DPS Trooper J. Harries and Jane Doe Harries; DPS Trooper A. Wheeler and Jane Doe Wheeler; DPS Trooper H. Ramirez, Jr. and Jane Doe Ramierz; Trooper M. Rosario and Jane Doe Rosario; John Does and Janes Does I-V,<br><br>Defendants. | Case No.: CV 26-03328 PHX ROS (CDB)<br><br>**DEFENDANTS PINAL COUNTY, PINAL COUNTY SHERIFF ROSS TEEPLE AND DEPUTY SANDERS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Pinal County, Sheriff Ross Teeple, and Deputy Sanders ("Answering Defendants"), by and through undersigned counsel, answer Plaintiffs' First Amended Complaint as follows:

1. In response to Paragraph **1** of Plaintiffs' First Amended Complaint, Answering Defendants admit only that Plaintiffs purport to assert claims arising under Arizona law and 42 U.S.C. § 1983. Answering Defendants further admit only that this Court has subject matter jurisdiction over properly pled federal claims and supplemental jurisdiction over properly pled state-law claims. The remaining allegations are legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

2. In response to Paragraph **2** of Plaintiffs' First Amended Complaint, Answering Defendants admit only that venue is proper in the United States District Court for the District of Arizona. The remaining allegations are denied.

3. In response to Paragraphs **3 – 4** of Plaintiffs' First Amended Complaint, Answering Defendants lack sufficient information to admit or deny Plaintiffs' allegations regarding residency, citizenship, age, employment, and marital status and therefore deny the same.

4. In response to Paragraphs **5 – 6** of Plaintiffs' First Amended Complaint, these allegations are directed at defendants other than the Answering Defendants and, therefore, no response is required from the Answering Defendants.

5. In response to Paragraph **7** of Plaintiffs' First Amended Complaint, Answering Defendants admit only that Pinal County is a political subdivision of the State of Arizona, and deny all remaining allegations.

6. In response to Paragraph **8** of Plaintiffs' First Amended Complaint, Answering Defendants admit only that Sheriff Ross Teeple was at all relevant times, and is now, the elected Sheriff of Pinal County and that his duties are defined under Arizona statute, and deny all remaining allegations. The Answering Defendants deny that Sergeant

Burgess was employed by the Pinal County Sheriff during any time material to Plaintiffs' First Amended Complaint.

7. In response to Paragraph **9** of Plaintiffs' First Amended Complaint, Answering Defendants admit Corinne Teeple is named solely for community property purposes. Answering Defendants otherwise deny the allegations. Upon and information and belief, Corinne Teeple has not been served with the First Amended Complaint.

8. In response to Paragraph **10** of Plaintiffs' First Amended Complaint, Answering Defendants admit Deputy Sanders was employed by the Pinal County Sheriff's Office at all relevant times and acted within the course and scope of employment. Answering Defendants deny the remaining allegations.

9. In response to Paragraphs **11** of Plaintiffs' First Amended Complaint, Answering Defendants admit Jane Doe Sanders is named solely for community property purposes. Answering Defendants otherwise deny the allegations. Upon and information and belief, Jane Doe Sanders has not been served with the First Amended Complaint.

10. In response to Paragraphs **12 – 24** of Plaintiffs' First Amended Complaint, no response is required from these Answering Defendants as the allegations are not directed at them. The Answering Defendants deny that Sergeant Burgess was employed by the Pinal County Sheriff during any time material to Plaintiffs' First Amended Complaint. To the extent a response is required, Answering Defendants deny all other the allegations including but not limited to those contained in Paragraphs **12 – 24.**

11. In response to Paragraph **25** of Plaintiffs' First Amended Complaint, Answering Defendants admit that Plaintiff has alleged that the amount in controversy exceeds $75,000. Answering Defendants deny that Plaintiffs are entitled to recover the damages alleged, deny that Plaintiffs have sustained damages in the amount alleged, and deny that any act or omission by Answering Defendants caused Plaintiffs to suffer the alleged injuries or damages. Except as expressly admitted herein, the allegations of this paragraph are denied.

12. In response to Paragraph **26** of Plaintiffs' First Amended Complaint, Answering Defendants admit Plaintiffs purported to serve notices of claim. Answering Defendants deny any allegation inconsistent with the applicable statutes and reserve all defenses arising under A.R.S. §§ 12-821 and 12-821.01.

13. In response to Paragraphs **27 – 69** of Plaintiffs' First Amended Complaint, Answering Defendants admit only that law enforcement personnel responded to an incident involving Plaintiff Bradley Page on or about February 3, 2025, and that Plaintiff later received medical care. Answering Defendants deny the remaining allegations, including but not limited to allegations characterizing Plaintiff as obviously suffering from a stroke, posing no threat, being non-resistant, or that any Answering Defendant acted unlawfully, unreasonably, recklessly, maliciously, or with deliberate indifference.

14. In response to Paragraphs **71 – 77** of Plaintiffs' First Amended Complaint, Answering Defendants deny the allegations.

15. In response to Paragraphs **79 – 88** of Plaintiffs' First Amended Complaint Answering Defendants deny the allegations.

16. In response to Paragraphs **90 – 96** of Plaintiffs' First Amended Complaint, Answering Defendants deny the allegations.

17. In response to Paragraphs **98 – 102** of Plaintiffs' First Amended Complaint, Answering Defendants deny the allegations.

18. In response to Paragraphs **104 – 114** of Plaintiffs' First Amended Complaint, Answering Defendants deny the allegations.

19. In response to Paragraphs **116 – 125** of Plaintiffs' First Amended Complaint, Answering Defendants Pinal County and Ross Teeple, in his official capacity, deny the allegations.

20. In response to Paragraph **70, 78, 89, 97, 103, and 115** of Plaintiffs' First Amended Complaint, Answering Defendants state that these are incorporation paragraphs only and do not require admission nor denial, except to incorporate all prior responses to each.

21. The Answering Defendants hereby deny any and all allegations not expressly admitted to.

22. The Answering Defendants demand trial by jury on all triable issues.

**AFFIRMATIVE DEFENSES**

As separate and additional defenses, Answering Defendants allege:

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

2. Answering Defendants Teeple and Sanders in their individual capacities are entitled to qualified immunity under federal law, and in their capacities as governmental actors performing discretionary duties under state law.

3. Any acts or omissions by Answering Defendants were objectively reasonable and/or lawful under the circumstances.

4. Plaintiffs' claims are barred in whole or in part by the immunities and limitations contained in A.R.S. §§ 12-820 through 12-826.

5. Plaintiffs' injuries and damages, if any, were caused in whole or in part by superseding, intervening, or comparative fault of Plaintiffs and/or third parties.

6. Plaintiffs failed to mitigate damages.

7. Punitive damages are barred against public entities and against public employees acting within the course and scope of employment under state law, barred against public entities under federal law, and barred against the individual Answering Defendants as their alleged conduct does not rise to the level authorizing punitive damages under federal law.

8. The actions of the individual Answering Defendants were undertaken in good faith and without malice.

9. The Answering Defendants are entitled to all justifications, immunities presumptions and/or defenses provided by A.R.S. §§ 13-401 through -406, -409 through -411 and -413, and A.R.S. §§ 12-711 through -713, and -716.

10. Arizona law bars claims for negligence, gross-negligence, and like claims which are based on alleged intentional conduct.

11. Plaintiffs assumed the risk of Plaintiff Bradley Lynn Page's actions or omissions.

12. The Answering Defendants did not cause Plaintiffs' alleged injuries.

13. The Answering Defendants deny the application of principles of respondeat superior, or vicarious liability, and affirmatively allege the absence of *Monell* liability.

14. The Answering Defendants assert that certain named defendants are not proper parties, including but not limited to, Pinal County.

15. Plaintiffs are not entitled to injunctive or declaratory relief.

16. Plaintiffs lack standings for relief requested and/or such relief is moot.

17. Plaintiffs have failed to meet necessary administrative pre-requisites including, but not limited to, the failure to strictly comply with Arizona's notice of claim statute.

18. Answering Defendants reserve the right to assert additional defenses as discovery and investigation continue.

WHEREFORE, Answering Defendants request that Plaintiffs take nothing by way of the First Amended Complaint, that judgment be entered in favor of Answering Defendants, that Answering Defendants recover their costs and fees as permitted by law, and for such other and further relief as the Court deems just and proper.

DATED this 20th of July, 2026.

JELLISON LAW OFFICES, PLLC

By: s/ *James M. Jellison*
James M. Jellison, Esq.
*Attorney for Defendants Pinal County, Pinal County Sheriff Ross Teeple and Deputy Sanders*

## CERTIFICATE OF MAILING AND SERVICE

I hereby certify that on July 20, 2026 I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants or by U.S. mail if not a registrant:

Garrick A. McFadden
Gamesq, PLC
2330 N. 75th Avenue, Suite 211
Phoenix. AZ 85035
garrick@gamesqlaw.com
*Attorney for Plaintiffs*

Benjamin Taylor
Taylor & Gomez Law
2600 N. 44th Street, B-101
Phoenix, AZ 85008
bt@taylorgomezlaw.com
*Attorney for Plaintiffs*

Kristin K. Mayes
Attorney General
Matthew J. Kelly
Byron Babione
Assistant Attorneys General
2005 North Central Ave.
Phoenix, Arizona 85004-1592
Defensephx@azag.gov
Matthew.Kelly@azag.gov
Byron.Babione@azag.gov
*Attorney for State Defendants*

s/ Valerie Hall